## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| CEDRIC MAUREL HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:11-cv-02790-RBP-TMP |
| | ) |
| RALPH WILLIAMS & ADAM HADDER, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 11, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted based on the court's determination that the claims were barred by the statute of limitations. The plaintiff filed objections to the report and recommendation on May 23, 2012. (Doc. 10).

The plaintiff objects to his case being dismissed on statute of limitations grounds. He explains that he filed a lawsuit alleging the same claims in 2009, but that case was dismissed because he failed to include a prison account sheet. According to the plaintiff, he "re-applied" in 2010, and. that "re-application" became this case. The plaintiff reiterates that all of the allegations in the complaint are true, and states that the officers involved are currently under investigation by "the feds."

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.

As the magistrate judge noted, because the plaintiff's cause of action against the defendants arose on July 19, 2008, he had until July 19, 2010 to file a § 1983 action against them. Review of the courts records indicates that the plaintiff did file a case alleging the same facts against Defendant Adam Hadder on December 1, 2009. (See Case No. 6:09-cv-024270JHH-TMP). However, that case was dismissed without prejudice on February 1, 2010, after the plaintiff had been notified that his pleading was deficient and instructed to submit either the full filing fee or an application to proceed *in forma pauperis* within thirty days, but failed to comply. The plaintiff's subsequent motions for leave to proceed *in forma pauperis* and to amend, filed in that case on May 21, 2010, were denied on June 8, 2010, and the court advised the plaintiff that the case remained dismissed, and to initiate a new action if he wished to proceed on his claims. *Id*.

The instant case was signed by the plaintiff on August 3, 2011, and filed with the clerk on August 8, 2011, well outside of the two year limitations period. The plaintiff's attempt to suggest that this case should relate back to his previously filed case is not persuasive. Although the present lawsuit involved claims virtually identical to those presented in the 2009 case, they are distinct and separate actions. The instant complaint cannot relate back to the earlier action because the court lost jurisdiction in the earlier action 30 days after it was dismissed. There is no pending action to relate back to. The timely filed 2009 lawsuit was dismissed[1], and the instant case is barred by the applicable statute of limitations.[2]

---

[1] It should be noted that the case was dismissed, without prejudice, with ample time to refile within the statute of limitations. Moreover, even after the plaintiff's subsequent attempt to reopen the case failed, he had time to timely file another § 1983 action.

[2] No tolling provisions apply to this action, and even if Alabama law were to provide for equitable tolling for situations such as this one, where litigation had been pending, over two years would have elapsed nonetheless. Over 16 months elapsed between July 19, 2008 and the filing of the first complaint on December 1, 2009. An additional 19 months elapsed from dismissal of that

Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DATED this 9th day of July, 2012.

*[signature: Robert B. Propst]*

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

case on February 1, 2010 and the filing of this case, on August 3, 2011.